# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Marisa Simonetti and Marisa for Minnesota,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Jacklyn Vasquez; Hennepin County; the City of Edina; all Edina Police Officers involved in Case No. 27-CR-24-14-14103,<br>　　　　　　Defendants. | Case No. 25-cv-3390 (JWB/DLM)<br><br>**REPORT AND RECOMMENDATION** |

　　　This matter is before the Court on Defendant City of Edina's Notice of Removal. (Doc. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

　　　Defendant City of Edina removed this case to federal court on August 27, 2025. (*Id.*) In its Notice of Removal, the City of Edina represented to the Court that "Jacklyn Vasquez, Hennepin County, and the City Defendants are the only Defendants named in Plaintiff's Complaint, and none have objected to removal and the County has affirmatively consented to the removal." (*Id.* at 3.) Defendant City of Edina conceded, however, that Defendant Vasquez had not provided affirmative consent to removal jurisdiction, casting doubt over the propriety of removal. (*Id.* at 3 n.1.) On this basis, this Court Ordered Defendant City of Edina to show cause "why this action should not be remanded to state court." (Doc. 6 at 3.) On September 12, 2025, the City of Edina notified the Court via letter

that "Defendant Jacklyn Vasquez has advised that she does not consent to removal." (Doc. 7 at 1.)

After a case has been removed from state court, a federal court must remand the case if a defect makes removal improper. *See* 28 U.S.C. § 1447(c). The burden is on the party seeking removal to establish federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Any doubts about federal jurisdiction must be resolved in favor of remand to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

Under the rule of unanimity, "all defendants must join in a notice of removal, or the case will be remanded." *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 n.2 (8th Cir. 2001). Even though not all defendants must sign the notice of removal, each served defendant must timely file some written indication "that the defendant has actually consented to the removal." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (quoting *Pritchett v. Cottrell, Inc.,* 512 F.3d 1057, 1062 (8th Cir. 2008)) (cleaned up). "Non-removing defendants who wish to consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct." *Reek v. Serier*, No. 20-cv-1864 (WMW/BRT), 2021 WL 3604304, at *3 (D. Minn. Aug. 13, 2021) (quoting *Christiansen*, 674 F.3d at 933). Defendant Jacklyn Vasquez does not consent to removal and so the rule of unanimity is unsatisfied. As a result, this Court lacks subject matter over this action and therefore recommends remand to state court.

Accordingly, based on all the files, records, and proceedings above **IT IS RECOMMENDED** that:

1. This action be remanded to state court.

Date: September 17, 2025

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).